IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO 14-07925 ESL |
| MYRNA LUZ RIVERA GARCIA | CHAPTER 13 |
| DEBTOR | |

**DEBTOR'S SUPPLEMENTAL REPLY TO**
*DEBTOR'S REPLY TO MOTION TO DISMISS*, DKT NO. 63
AND IN COMPLIANCE WITH *ORDER*, DOCKET NO. 65

TO THE HONORABLE COURT:

**COMES NOW, MYRNA LUZ RIVERA GARCIA**, debtor in the above captioned case, through the undersigned attorney, and very respectfully states and prays as follows:

**I. INTRODUCTION**

1. On June 17, 2016, Cooperativa Ahorro y Credito Jesus Obrero ("CJO") filed a *Motion to Dismiss*, docket no. 61, basically alleging that the debtor is in arrears in the direct post-petition car loan payments to said creditor, allegedly owing "…3 post-petition payments of $482.78 each for a total of $1,448.34". *Motion to Dismiss*, at paragraph 4, docket no. 61.

2. On July 12, 2016, the debtor filed a *Debtor's Reply to Motion to Dismiss*, docket entry #63, stating that the debtor is current in the direct post-petition car loan payments to CJO, and submitting evidence (payments receipts issued by CJO) of having made all 2016 direct post-petition payments (January through June/2016).

3. On July 22, 2016, this Honorable Court issued an *Order*, docket entry #65, as follows:

> "Cooperativa De Ahorro Y Credito Jesus Obrero to state position within twenty-one (21) days as to Debtor's reply filed on 7/12/2016 (Docket No. 63). The court notes that it is debtor's burden to plead with specificity the allegations, and that copy of a series of receipts does not meet such burden." *ORDER*, dated July 22, 2016, docket no. 65.

Page – 2-
Debtor's Supplemental Reply
Case no. 14-07925 ESL13

4. The debtor hereby respectfully supplements her reply (Dkt. No. 63) in order to plead with specificity the allegations in said reply to CJO's motion for dismissal, in the above captioned case.

## II. UNDISPUTED FACTS

5. On September 26, 2014, the debtor filed for protection under Chapter 13 of the Bankruptcy Code, 11 U.S.C Sections 1301 *et seq.*, in the above captioned bankruptcy case.

6. The debtor's original proposed Plan, dated September 26, 2014, docket entry #2, provided for payment, through the Plan, of the pre-petition car loan arrears owed to CJO in the sum of $1,449.30.

7. On October 10, 2014, CJO filed POC #3-1, for the secured claim amount of $22,456.10, reflecting $0.00 in pre-petition arrearage and other charges (Paragraph #4 of CJO's POC #3-1 "Amount of arrearage and other charges… if any:" is left in blank).

8. On January 08, 2015, CJO filed an Objection to Confirmation, docket no. 26 basically stating that the debtor's proposed Plan failed to specify "… the amount of the monthly payments…" and that the Plan failed to include "… an additional provision for adequate protection." The objection filed by CJO also alleged that "…the debtor has failed to make 2 post-petition payments to CJO…". *Objection to Confirmation*, at paragraphs 7 and 8, docket no. 26.

9. On March 09, 2015, the debtor filed a *Debtor's Reply to Cooperativa Jesus Obrero's Objection to Confirmation*, docket #26.

10. On March 12, 2015, the debtor filed *Amended Chapter 13 Payment Plan*, docket entry #40, whereby the debtor proposed to pay CJO the sum of $1,449.30 for pre-petition arrears and the sum of $462.15 for post-petition arrears.

Page – 3-
Debtor's Supplemental Reply
Case no. 14-07925 ESL13

11. On March 16, 2015, CJO filed POC #3-2, for the secured claim amount of $22,456.10, reflecting $0.00 in pre-petition arrearage and other charges (Paragraph #4 of CJO's POC #3-2 "Amount of arrearage and other charges… if any:" is left in blank).

12. On March 20, 2015, CJO filed POC #3-3, for the secured claim amount of $22,456.10 and this time included at paragraph #4 the following arrearage and other charges:

"Amount of arrearage and other charges… if any:

    antes        despues

  $1,452.60    ($2,309.90)

5 pgs". Paragraph #4, POC #3-3.

13. On March 31, 2015, the debtor's proposed *Amended Chapter 13 Payment Plan*, docket entry #40, was confirmed. *Order Confirming Plan*, docket entry #45.

14. On November 23, 2015, CJO filed a Motion to Dismiss, docket no. 52, basically alleging that the debtor is in arrears in the direct post-petition car loan payments to said creditor, allegedly owing "…5 post-petition payments of $482.72 each for a total of $2,413.60". *Motion to Dismiss*, at paragraph 4, docket no. 52.

15. On December 04, 2015, the debtor filed a *Post Confirmation Modification of Chapter 13 Plan*, docket no. 53, in order to "…correct the claim amount to be paid through the Plan to secured creditor Coop A/C Jesus Obrero (POC 3-3)." *Debtor's Motion and Notice of Filing of Post-Confirmation Modification of Chapter 13 Plan 11 USC 1329*, at paragraph 2, docket entry #54.

16. On December 07, 2015, the Chapter 13 Trustee filed a "favorable recommendation" on debtor's proposed modified Plan, docket no. 55.

17. On December 24, 2015, the debtor filed a *Debtor's Reply to Motion to Dismiss*, docket no. 56.

18. On January 08, 2016, this Honorable Court issued an Order, granting debtor's motion for post confirmation modification and denying the motion to dismiss (Dkt #52),

Page – 4-
Debtor's Supplemental Reply
Case no. 14-07925 ESL13

related documents 52, 54, 55, 56. *Order Granting Modification of Plan After Confirmation and Denying Motion for Dismissal*, docket entry #57.

19. On June 17, 2016, CJO filed a Motion to Dismiss, docket no. 61, basically alleging that the debtor is in arrears in the direct post-petition car loan payments to said creditor, allegedly owing "...3 post-petition payments of $482.78 each for a total of $1,448.34". *Motion to Dismiss*, at paragraph 4, docket no. 61.

20. On July 12, 2016, the debtor filed a *Debtor's Reply to Motion to Dismiss*, docket entry #63, stating that the debtor is current in the direct post-petition car loan payments to CJO, and submitting evidence (payments receipts issued by CJO) of having made all 2016 direct post-petition payments (January through June/2016).

21. On July 22, 2016, this Honorable Court issued an *Order*, docket entry #65, as follows:

> "Cooperativa De Ahorro Y Credito Jesus Obrero to state position within twenty-one (21) days as to Debtor's reply filed on 7/12/2016 (Docket No. 63). The court notes that it is debtor's burden to plead with specificity the allegations, and that copy of a series of receipts does not meet such burden." *ORDER*, dated July 22, 2016, docket no. 65.

22. As of the date of the present motion filed by the debtor, CJO has failed to request an extension of time or otherwise comply with this Honorable Court's *Order*, docket entry #65.

### III. DISPUTED FACTS AND ARGUMENT

23. As of the date of the present motion, the situation between CJO, the debtor and the Chapter 13 Trustee (concerning the Plan payment distribution) is as follows:

> a. the debtor's confirmed Plan provides for payment of $3,762.50 to CJO for pre-petition and post-petition arrearage;
>
> b. CJO's POC #3-3 states that "antes" or the sum which was owed for prepetition arrears is $1,452.60 and that for "despues" the sum is $2,309.90, identifying "5 pgs" as five payments in arrears, it appears that these five (5) payments are the payments to cover the post-petition arrears;

c. that the Chapter 13 Trustee is making payments to CJO's POC #3-3, the Trustee is to pay CJO the sum of $3,762.50 ($1,452.60 plus $2,309.90) of which, as of the date of this motion, the Trustee had disbursed payments to CJO in the sum of $1,453.06, leaving an outstanding balance of $2,309.44 on POC#3-3;

24. The debtor understands that she is making current post-petition payments to CJO.

25. On Saturday August 13, 2016, the debtor visited the Offices of CJO in order to clarify what are, if any, the alleged post-petition payments in arrears.

26. On said date, the debtor met with Jose R. Arroyo Massa ("Arroyo Massa"), Collections Division of CJO, who explained to the debtor that debtor's account with CJO reflects the following months in "arrears" or outstanding: June/2016 and July/2016.

26. The debtor respectfully informs that Arroyo Massa stated that those two (2) months are **the total arrearage owed by the debtor in said account, including any amounts claimed for pre-petition and post-petition arrears.**

27. That Arroyo Massa also informed the debtor that in August, 2016, CJO received a $279.49 payment from the Chapter 13 Trustee, which payment will be applied to the June, 2016 payment.

28. That Arroyo Massa also informed the debtor that CJO understands that the outstanding months of June and July, 2016 will be paid by the Chapter 13 Trustee.

29. That Arroyo Massa also informed the debtor that the debtor will owe CJO the current post-petition direct payment for August/2016.

### IV. CONCLUSION

30. That from the aforestated, it appears that the motions for dismissal filed by CJO are based on the total arrearage owed to CJO, including pre and post-petition arrears, thus, the same are unwarranted, that the debtor is current in the direct post-petition payments to CJO, and that should the Chapter 13 Trustee pay CJO the outstanding balance on POC #3-3 ($2,309.44) CJO's claim will become "overpaid".

Page – 6-
Debtor's Supplemental Reply
Case no. 14-07925 ESL13

31. Therefore, CJO's motion for dismissal should be denied.

**WHEREFORE,** the debtor respectfully prays that this Honorable Court grant the present motion supplementing debtor's previous reply (Dkt. no. 63), in the above captioned case.

**I HEREBY CERTIFY** that on this same date a copy of this notice was sent via electronically with the Clerk of the Court using CM/ECF systems which will send notifications of such to the Chapter 13 Trustee; Briseida Y Delgado Miranda, Esq., *Delgado-Miranda Law Offices*, Counsel for Cooperativa A/C Jesus Obrero; and also certify that I have mailed by United States Postal Service copy of this motion to Briseida Y Delgado Miranda, Esq., *Delgado-Miranda Law Offices*, Counsel for Cooperativa A/C Jesus Obrero, PMB 112 Winston Churchill Avenue Ste 1 San Juan PR 00926; and by US Regular Mail to the following non-participant: debtor, Myrna Luz Rivera Garcia, HC 4 Box 8751 Aguas Buenas PR 00703; Robert Francis Lopez Acevedo, RR 1 Box 3233-3 Cidra PR 00739, in the above captioned case.

**RESPECTFULLY SUBMITTED.** In San Juan, Puerto Rico, this 15th day of August, 2016.

/s/*Roberto Figueroa Carrasquillo*
USDC #203614
*RFIGUEROA CARRASQUILLO LAW OFFICE PSC*
ATTORNEY FOR DEBTOR
PO BOX 186 CAGUAS PR 00726-0816
TEL 787-744-7699 FAX 787-746-5294
EMAIL: rfigueroa@rfclawpr.com